IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NAKIYA BENNETT, JR., | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : Civil Action No. _____ |
| | : |
| ENFORCERS PROTECTIVE SERVICE, LLC and LANAR BRISCOE, | : |
| | : |
| Defendants. | : |

## COMPLAINT

Plaintiff Nakiya Bennett, Jr. ("Bennett") brings this Complaint against Defendants Enforcers Protective Service, LLC ("Enforcers") and Lanar Briscoe ("Briscoe") (collectively "Defendants") and show this Court as follows:

## Introduction

1.

This is a wage and hour case. Defendants own and operate a business that provides security services to other entities. Defendants employed Bennett in that enterprise as a security officer. Defendants misclassified Bennett as an independent contractor. Bennett regularly worked more than 40 hours per week. Defendants failed to compensate Bennett at one-and-one-half times his regular hourly rate for all time worked in excess of forty (40) hours during each work week.

## Jurisdiction and Venue

2.

This Court has subject-matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Enforcers is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## The Parties

4.

Bennett resides within Fulton County, Georgia.

5.

Enforcers employed Bennett as a security officer from August 28, 2020 through November 6, 2021.

6.

Enforcers is a domestic limited liability company organized under the laws of the State of Georgia.

7.

Enforcers is subject to the personal jurisdiction of this Court.

8.

Enforcers may be served with process through its registered agent, Lanar Briscoe, at 4361 Thorngate Lane, Acworth, Georgia 30101.

9.

Briscoe resides within Cobb County, Georgia.

10.

Briscoe is the owner and manager of Enforcers Protective Service, LLC.

11.

Briscoe is subject to the personal jurisdiction of this Court.

12.

Briscoe may be served with process at 4361 Thorngate Lane, Acworth, Georgia 30101 or wherever he may be found.

**FLSA Enterprise Coverage**

13.

From August 28, 2020 through November 6, 2021 (hereinafter "the Relevant Time Period"), Enforcers has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

14.

Throughout the Relevant Time Period, two or more employees of Enforcers handled materials used by the company for its business purposes including, but not limited to, office furniture, phones, computers, and office supplies.

15.

Throughout 2020, Enforcers employed two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

Throughout 2021, Enforcers employed two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

Throughout 2020, Enforcers employed two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

Throughout 2021, Enforcers employed two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

In 2020, Enforcers had an annual gross volume of sales made or business done of not less than $500,000.

20.

In 2021, Enforcers had an annual gross volume of sales made or business done of not less than $500,000.

21.

Throughout the Relevant Time Period, Enforcers had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

Throughout the Relevant Time Period, Enforcers has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**FLSA Individual Coverage**

23.

Throughout the Relevant Time Period, Bennett was "engaged in commerce" as an employee of Enforcers within the meaning of FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**Enforcer's Business Operation**

24.

Enforcers contracts with commercial clients, including apartment complexes and owners or operators of other commercial buildings, for the provision of security officers to work at the commercial client locations.

25.

Enforcers' security officers observe and report suspicious activity, render immediate care when necessary and perform other security-related duties.

26.

Enforcers' security officers may work at multiple client locations during any given shift and travel to and between Enforcers' client locations during the course of a shift.

## Misclassification as an Independent Contractor

27.

Throughout the Relevant Time Period, Enforcers classified Bennett as an independent contractor.

28.

Throughout the Relevant Time Period, Defendants annually created and issued to Bennett and the Internal Revenue Service an IRS Form 1099-MISC reflecting the amount Enforcers paid to Bennett in the previous calendar year.

29.

Throughout the Relevant Time Period, Enforcers exercised control over the time that Bennett worked.

30.

Throughout the Relevant Time Period, Enforcers exercised control over the manner in which Bennett worked.

31.

Throughout the Relevant Time Period, Bennett did not solicit customers on his own behalf.

32.

Throughout the Relevant Time Period, all of Bennett's efforts were directed at serving the customers, employees and agents of Enforcers.

33.

Throughout the Relevant Time Period, Defendants required Bennett to purchase equipment necessary to perform his job duties as a security officer, including boots, trousers, shirts emblazoned with Enforcers' logo, vests and radios.

34.

Throughout the Relevant Time Period, Defendants provided Bennett with training for the position he held.

35.

Throughout the Relevant Time Period, Bennett did not advertise on his own behalf in connection with the type of services he performed for Enforcers.

36.

Throughout the Relevant Time Period, Bennett did not make any significant investments into his work such that he shared any significant risk of loss.

37.

Throughout the Relevant Time Period, Enforcers bore all costs associated with advertising, marketing, and promoting the business of Enforcers.

38.

Throughout the Relevant Time Period, Bennett was economically dependent on Enforcers for his livelihood.

39.

Throughout the Relevant Time Period, Bennett did not exercise independent business judgment in connection with his work for Enforcers.

40.

Throughout the Relevant Time Period, Enforcers did not permit Bennett to subcontract out his work or hire employees to perform his job duties.

41.

Throughout the Relevant Time Period, Enforcers negotiated contracts for the clients that Shepard served without input or direction from Bennett.

42.

Throughout the Relevant Time Period Bennett's opportunity for profit or loss did not depend on Bennett's managerial skill.

43.

Throughout the Relevant Time Period, the work that Bennett performed for Defendants did not require a special skill.

44.

Throughout the Relevant Time Period, Bennett worked for Defendants on a consistent and full-time basis.

45.

Throughout the Relevant Time Period, Enforcer's sole business was providing security officer services to its clients.

46.

Throughout the Relevant Time Period, the work performed by Bennett was an integral part of Enforcer's business.

47.

Throughout the Relevant Time Period, Defendants misclassified Bennett as an independent contractor.

48.

Throughout the Relevant Time Period, Bennett was an "employee" of Enforcers within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

49.

Throughout the Relevant Time Period, Enforcers was an "employer" of Bennett within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

### Briscoe's Status as an FLSA Statutory Employer

50.

Briscoe hired Bennett on or about August 28, 2020 to work as a Security Officer for Enforcers.

51.

Throughout the Relevant Time Period, Briscoe exercised operational control over the work activities of Bennett.

52.

Throughout the Relevant Time Period, Briscoe was involved in the day to day operation of Enforcers.

53.

Throughout the Relevant Time Period, Enforcers vested Briscoe with supervisory authority over Bennett.

54.

Throughout the Relevant Time Period, Briscoe exercised supervisory authority over Bennett.

55.

Throughout the Relevant Time Period, Briscoe scheduled Bennett's working hours or supervised the scheduling of Bennett's working hours.

56.

Throughout the Relevant Time Period, Briscoe exercised authority and supervision over Bennett's compensation.

57.

Throughout the Relevant Time Period, Briscoe has been an "employer" within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

**Bennett's Non-Exempt Status**

58.

Throughout the Relevant Time Period, Bennett was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

59.

Throughout the Relevant Time Period, Bennett was not employed by Enforcers in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

60.

Throughout the Relevant Time Period, Bennett was not employed by Enforcers in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

61.

Throughout the Relevant Time Period, Bennett was not employed by Enforcers in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

62.

Throughout the Relevant Time Period, Bennett was not employed by Enforcers in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

63.

At all times during the Relevant Time Period, Bennett did not exercise independent judgment and discretion in making significant business decisions on behalf of Enforcers.

## Additional Factual Allegations

64.

Enforcers employed Bennett as a security officer from August 28, 2020 through November 6, 2021.

65.

At all times during Plaintiff's employment, Enforcers scheduled Bennett to work 7 days during each work week.

66.

At all times during the Relevant Time Period, Bennett worked 12-16 hours during most work shifts.

67.

At all times during the Relevant Time Period, Bennett worked approximately 84-112 hours during most work weeks.

68.

Throughout the Relevant Time Period, Bennett regularly worked in excess of 40 hours during each work week.

69.

Throughout the Relevant Time Period, Relevant Time Period, Defendants required that Bennett submit time sheets every two (2) weeks for payroll.

70.

Throughout the Relevant Time Period, Relevant Time Period, Bennett submitted his time sheets every two (2) weeks to Defendant Briscoe.

71.

Throughout the Relevant Time Period, Relevant Time Period, Defendants were aware of the actual hours that Bennett worked during each work week.

72.

Throughout the Relevant Time Period, Defendants were aware that Bennett worked in excess of 40 hours during most, if not all, work weeks.

73.

In 2018, Defendants were parties to another wage and hour action, to wit: *Anthony Linder v. Enforcers Protective Service, LLC et al,* USDC NDGa, Case No. 1:18-cv-04009-MHC.

74.

In 2019, Defendants were parties to another wage and hour action, to wit: *Tyrone Shephard v. Enforcers Protective Service, LLC et al,* USDC NDGa, Case No. 1:19-cv-04683-SCJ.

75.

In 2021, Defendants were parties to another wage and hour action, to wit: *Stokes v. Enforcers Protective Service, LLC et al,* USDC NDGa, Case No. 1:21-cv-03061-JPB.

76.

Throughout the Relevant Time Period, Defendants knew or should have known that the FLSA applied to Bennett.

77.

Throughout the Relevant Time Period, Defendants knew or should have known that Section 7 of the FLSA required that Defendant compensate Bennett at one–and–one–half times his regular hourly rate for work performed in excess of forty hours in a workweek.

78.

Throughout the Relevant Time Period, Defendants compensated Bennett at an hourly rate.

79.

From August 28, 2020 until approximately November 6, 2021, Defendants compensated Bennett at a fixed hourly rate of $9.50.

80.

Throughout the Relevant Time Period, Defendants compensated Bennett at his fixed hourly rate (*i.e.,* straight pay) for each hour he worked, including time worked in excess of forty hours in a week.

81.

Throughout the Relevant Time Period, Defendants failed to compensate Bennett an overtime premium for time worked in excess of 40 hours during each work week.

## COUNT I–Failure to Pay Overtime

82.

The allegations in all previous paragraphs above are incorporated as if fully set out in this paragraph.

83.

Throughout the Relevant Time Period, Bennett has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

84.

Throughout the Relevant Time Period, Bennett regularly worked in excess of 40 hours each week.

85.

Throughout the Relevant Time Period, Defendants failed to compensate Bennett at one and one-half times his regular hourly rate for work in excess of 40 hours during each work week, in violation of FLSA § 7(b), 29 U.S.C. § 207.

86.

Defendants' failure to compensate Bennett in accordance with FLSA § 7(b), 29 U.S.C. § 207, was willful within the meaning of FLSA § 55, 29 U.S.C. § 255.

87.

Bennett is entitled to payment of due but unpaid overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

88.

As a result of the underpayment of overtime compensation as alleged above, Bennett is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

89.

As a result of the underpayment of overtime compensation as alleged above, Bennett is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Bennett respectfully prays:

1. That his claims be tried before a jury;
2. That he be awarded due but unpaid overtime compensation in amounts to be determined at trial against Defendants, jointly and severally;
3. That they be awarded additional like amounts in liquidated damages; against Defendants, jointly and severally;
4. That he be awarded his costs of litigation, including his reasonable attorneys' fees from Defendants, jointly and severally;
5. That he be awarded nominal damages; and
6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

                                **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

                                */s/ Kevin D. Fitzpatrick, Jr.*

101 Marietta Street                 Kevin D. Fitzpatrick, Jr.
Suite 2650                      Ga. Bar No. 262375
Atlanta, Georgia 30303
(404) 979-3150                 */s/Charles R. Bridgers*
(404) 979-3170 (f)             Charles R. Bridgers
kevin.fitzpatrick@dcbflegal.com   Ga. Bar No. 080791
charlesbridgers@dcbflegal.com

                                COUNSEL FOR PLAINTIFF